```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

JERRY A. SCHWAB AND
DAVID A. SCHWAB,

    Plaintiffs,

v.                          CASE NO: 2:12-cv-315-FtM-99SPC

THE HUNTINGTON NATIONAL BANK,

    Defendant.
_____/

## ORDER

This matter is before the Court pursuant to Defendant The Huntington National Bank's Amended Motion to Dismiss ("Motion to Dismiss") (Doc. # 18), filed on August 2, 2012. Plaintiffs filed a response in opposition ("Opposition") on August 23, 2012 (Doc. # 25). For the reasons that follow, the Court concludes that the Motion to Dismiss should be **GRANTED** in part and **DENIED** in part.

### I. Background

Plaintiff, Jerry A. Schwab created a family trust (the "Trust"), designating his son David A. Schwab as the beneficiary and Defendant Huntington National Bank ("Huntington") as the trustee. (Doc. # 2 at 2). The Trust established a three member advisory committee with the duty to direct the trustee and make decisions on behalf of the

Trust. (Id.). If a member resigns or otherwise leaves the advisory committee, the remaining members must appoint a successor within 60 days. (Id.). If the committee fails to do so within the allotted time, the trustee is required to make the appointment. (Id.). In addition, the Trust provides the advisory committee with the authority to overrule the trustee's use and engagement of counsel in legal proceedings involving the Trust. (Id. at 3).

At the Trust's inception, the advisory committee consisted of David Schwab, Mary Lynn Hites, and Ronald Manse. (Id. at 2). On July 21, 2011, Ronald Manse resigned from the committee, which led to conflict and gridlock among the remaining members. (Id. at 2-3). As a result, neither the committee nor Huntington appointed a member to fill the vacancy within the 60 days. (Id. at 3).

Plaintiffs allege that Huntington has breached its fiduciary duty as the trustee by misappropriating Trust funds to pay its attorney, Marcel Duhamel and his law firm to represent its interests rather than the Trust's and by failing to appoint the third member of the advisory committee within sixty days. (Id. at 4). On August 2, 2012, Huntington filed a Motion to Dismiss arguing that

Jerry Schwab lacks standing to file suit and that Plaintiffs' claims are barred by *res judicata*.

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Therefore, courts must follow a two-step approach when considering a motion to dismiss: first, "eliminate any allegations in the complaint that are merely legal conclusions;" and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

3

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## III. Analysis

a. Jerry Schwab's Standing to Sue Huntington

Huntington asserts that as the settlor of an irrevocable trust, Jerry Schwab has no interest in or control over the Trust corpus and therefore no standing to bring a claim against the trustee.[1]

Plaintiffs respond that Fla. Stat. § 736.0804 compels a different conclusion. Although Plaintiffs do not dispute that the Trust is irrevocable, they argue that under §

---

[1] Huntington avers and Plaintiffs do not dispute that under the Trust agreement, Jerry Schwab divested himself of all interest in the trust corpus by "waiv[ing] all right, power and authority to alter, amend, modify, revoke or terminate" the Trust. (Doc. # 18 at 5). In effect, Jerry Schwab established an irrevocable Trust by excluding any interest in or control over the Trust assets.

4

736.0804, the intent and purpose of the Trust make clear that Huntington has a duty to Jerry Schwab, which in turn confers him with standing to file suit. In support of their standing argument, Plaintiffs emphasize that the advisory committee was established to limit Huntington's control and influence over the Trust corpus.

However, Huntington's duty and limited control over the Trust have no bearing on Jerry Schwab's standing. Instead, it is well established that the settlor of an irrevocable trust may not sue to enforce its terms or allege its breach. See, e.g., Sanders v. Citizens Nat'l Bank of Leesburg, 585 So.2d 1064, 1065 (Fla. 5th DCA 1991) ("[T]he settlor of an irrevocable trust who has retained no beneficial interest in the trust *res* has no right of action against the trustee for either breach of the trust or breach of contract."); RESTATEMENT (SECOND) OF TRUSTS § 200 (1959) ("Neither the settlor nor his heirs or personal representatives, as such, can maintain a suit against the trustee to enforce a trust or to enjoin or obtain redress for a breach of trust. Where, however, the settlor retains an interest in the trust property, he can of course maintain a suit . . . ."); THE LAW OF TRUSTS AND TRUSTEES § 42 at 445 (3d ed. 2007) (in establishing an irrevocable trust,

"the settlor must permanently give up control of the gift property.").

Neither the text of Fla. Stat. § 736.0804 nor any case law indicates otherwise. Section 736.0804 provides that "[a] trustee shall administer the trust as a prudent person would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust." The provision relates to the trustee's obligation to prudently manage the trust, which has no impact on the settlor's standing to bring suit.

For these reasons, the Court grants the Motion to Dismiss finding that Jerry Schwab lacks standing to sue and should be dismissed from the case.

    b.    Res Judicata

Huntington also argues that Plaintiffs' claims are barred by *res judicata* because they were previously raised and dismissed by the United States District Court for the Northern District of Ohio. Huntington invokes the doctrine on Rule 12(b)(6) grounds. Even though *res judicata* is an affirmative defense that should be raised under Rule 8(c), it may be asserted on a motion to dismiss when its elements are apparent on the face of the pleadings and from public documents of which the Court may take judicial notice.

6

Concordia v. Bendekovic, 693 F.2d 1073, 1075-77 (11th Cir. 1982).  Here, Defendants have attached a copy of the Ohio court's summary judgment opinion. Therefore, the Court must determine whether the face of Plaintiffs' Complaint and the attached order warrant dismissal of the Complaint on the ground of *res judicata*.  They do not.

*Res judicata*, also known as claim preclusion, prohibits a party from re-litigating a claim that either has been finally adjudicated or should have been litigated in a prior suit.  A claim is barred only if: (1) there is a final judgment on the merits; (2) the judgment is rendered by a court of competent jurisdiction; (3) the parties or those in privity with them are identical in both suits; and (4) both cases involve the same cause of action. Cascella v. Canaveral Port Dist., 197 F. App'x 839, 843 (11th Cir. 2006).

Defendant maintains that Plaintiffs' claims are barred because they were or could have been raised in the prior litigation before the Ohio district court.  In that case, KeyBank National Association initiated bankruptcy proceedings against Huntington asserting a first priority security interest in premiums paid on certain life insurance policies relating to the Schwab Trust.  (Doc. #

7

18-1 at 2). As trustee, Huntington disputed KeyBank's security interest and sought a third-party declaratory judgment against Jerry and David Schwab clarifying the rights of the parties to the life insurance premiums. (Id.). David Schwab filed a counterclaim against Huntington alleging that it had breached its fiduciary duties as the trustee. (Id.). On July 2, 2012, Huntington and Keybank settled their dispute over the life insurance premiums, leaving the Ohio district court with David Schwab's counterclaim. (Id.). The Ohio District Court ruled in favor of Huntington and dismissed the counterclaim. (Id. at 7). Now, Huntington alleges that the Ohio court's dismissal precludes Plaintiffs from re-litigating their breach of duty claims.

The first three factors of claim preclusion are met. The same parties, David Schwab and Huntington, were subject to a final decision rendered by the Ohio district court, a court of competent jurisdiction. Defendant's *res judicata* claim hinges on the fourth factor – whether the instant Complaint and David Schwab's counterclaim against Huntington are based on the same cause of action. The same cause of action exists in two proceedings when the primary

right and duty are the same in both cases. In other words, the two claims must arise out of the same transaction or series of transactions and should rely on the same facts or evidence. See Wallis v. Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990); Aquatherm Indus., Inc. v. Fla. Power & Light Co., 84 F.3d 1388, 1394 (11th Cir. 1996).

In his counterclaim against Huntington, David Schwab alleged five Counts. Counts I and II asserted that Huntington breached its duties of good faith and loyalty by failing to appropriately defend the Trust against Keybank's claims to the life insurance premiums and by failing to inform the beneficiaries of KeyBank's attempts to terminate the Trust. (Doc. # 18-1 at 4). These allegations have no bearing on the case at hand, which are based on Huntington's failure to appoint a member of the advisory committee.

Counts III, IV, and V of the counterclaim related to Huntington's excessive use of attorney fees in defending the Trust against Keybank's allegations. (Doc. # 18-1 at 5-6). Count III of the current Complaint makes a similar allegation that Huntington has "failed to administer the Trust solely in the interests of the beneficiaries and, instead, has used Trust assets as its own . . . ." (Doc. #

9

1 at 5).  However, the factual predicate behind the two claims is different.  One claim concerns attorney fees used to support Huntington's defense of the Trust in relation to the insurance dispute with KeyBank, whereas the other deals with fees used to defend Huntington against its failure to appoint a member of the Trust advisory committee.  In each case, different evidence must be proffered to establish whether the use of the attorney fees fell within the bounds of the Trust or the appropriate Florida Statute.  See Covenant Trust Co. v. Guardianship of Ihraman, 45 So.3d 499, 504 (Fla. 4th DCA 2010) ("To obtain an order prohibiting [the trustee] from paying any more attorney's fees from the trust assets, . . . the 'party must make a reasonable showing by evidence in the record or by proffering evidence that provides a reasonable basis for a court to conclude that there was a breach of trust.'") (citing Fla. Stat. § 736.0802(10(b)).

Moreover, it is not apparent from the face of the Complaint that Plaintiffs could have raised the fees issue relating to Huntington's failure to appoint the vacant advisory committee position during the Ohio proceedings.  Plaintiffs' Opposition brief argues that their current claims ripened on November 21, 2011, when Huntington was

10

required to appoint a committee member and nearly nine months after Jerry Schwab filed his counterclaim against Huntington before the Ohio court. Plaintiffs maintain that because the rights at issue in the instant Complaint were not in existence and could not have been decided at the time of the Ohio proceedings, *res judicata* does not apply. However, the Ohio decision on the counterclaim was rendered on July 16, 2012, approximately eight months after the current claims purportedly matured. Therefore, Jerry Schwab may have had an opportunity to raise the current claims before the Ohio court entered its order. Nevertheless, the Court may not go outside the face of the Complaint and the attached Ohio opinion when deciding the *res judicata* matter. Neither one provides enough facts to resolve this issue. Accordingly, Defendant's *res judicata* defense fails.

Although the causes of action between the two cases are distinct, Plaintiffs are attempting to re-litigate an issue previously resolved in the Ohio case. The Complaint argues that Huntington "is using trust assets to file actions against the very beneficiaries whose interests it has a duty to defend." (Doc. # 1 at 3). Plaintiffs appear to be referring to Huntington's third-party

declaratory action against David Schwab, which was resolved in the Ohio litigation. David Schwab made the same claim in the Ohio case, arguing that Huntington had "stepped out of its role as a fiduciary by requesting that this Court issue a declaratory judgment against the beneficiaries." (Doc. # 18-1 at 5). The Ohio court rejected this assertion, noting that Huntington's declaratory claim was a "reasonable action" designed to protect the trust and to declare the rights of the parties in the life insurance dispute. (Id.).

Under the doctrine of issue preclusion, otherwise known as collateral estoppel, Plaintiffs are prohibited from re-litigating Huntington's third-party claim. As the Supreme Court explained, issue preclusion "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law . . . essential to the prior judgment, whether or not the issue arises on the same or a different claim." New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). And even though Huntington has failed to invoke issue preclusion and must generally do so as an affirmative defense, a court may *sua sponte* consider the matter. See, e.g., U.S. v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) (noting that the court may *sua*

*sponte* dismiss the action on issue preclusion grounds because *res judicata* is "not based solely on defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."); Harris v. Kado, 391 F. App'x 560, 564 (7th Cir. 2010); Reese v. Beese, No. 6:11-cv-652-ORL-31KRS, 2012 WL 6614551, at *5 (M.D. Fla. Dec. 19, 2012).

The "essential elements" of issue preclusion are "that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216, 1235 (Fla. 2006) (quotation marks omitted).

Here, Plaintiffs ask the Court to reassess whether Huntington violated its duties as trustee by filing a third-party complaint against Jerry Schwab seeking a declaration of the parties' rights to the life insurance premiums. The Ohio court rejected this argument in its prior summary judgment opinion. That determination was essential to the court's ultimate conclusion that Huntington did not violate the terms of the Trust or its

13

duties as trustee. Accordingly, Plaintiffs are collaterally estopped from re-litigating this issue.

For these reasons, Huntington's Motion to Dismiss is granted in part and denied in part.

Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant The Huntington National Bank's Amended Motion to Dismiss (Doc. # 18) is **GRANTED** in that Jerry Schwab is dismissed from this case and Plaintiffs are barred from re-litigating whether Huntington's third party complaint violated its duties as trustee. The Motion to Dismiss is **DENIED** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida, this 22nd day of February, 2013.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record